# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CHARLES EDWARDS, | DOCKET NUMBER |
| Appellant, | PH-0752-13-0303-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: August 27, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Charles Edwards</u>, Seattle, Washington, pro se.

<u>Scott Egers</u> and <u>Scott W. Flood</u>, Esquire, Portsmouth, New Hampshire, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal as settled. For the reasons set forth below, the appellant's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2      Effective March 12, 2013, the agency indefinitely suspended the appellant without pay based on the suspension of his access to classified information. Initial Appeal File (IAF), Tab 8 at 23-26. Thereafter, the appellant filed a Board appeal contesting his indefinite suspension. IAF, Tab 1.

¶3      The parties asked to utilize the Board's Mediation Appeals Program (MAP), and the administrative judge granted that request. IAF, Tabs 20, 21. On August 16, 2013, the MAP judge issued a notice of termination from MAP, which stated the case had settled and included an executed settlement agreement as an attachment. IAF, Tab 24. The settlement agreement provided for withdrawal of the Board appeal. *Id*. at 3-7.

¶4      On August 19, 2013, the administrative judge issued an initial decision dismissing the appeal as settled and accepting the settlement agreement into the record for enforcement purposes. IAF, Tab 25, Initial Decision (ID). The administrative judge found that the parties had reached a settlement and had entered into the settlement freely and voluntarily. ID at 2. He further found that the appellant expressly represented that he understood the terms of the agreement, and that he had the opportunity to consult with counsel. ID at 2. The administrative judge also found that the settlement is lawful on its face. ID at 2. He found that accepting the settlement agreement into the record is appropriate because the subject matter of the appeal is within the Board's adverse action jurisdiction. ID at 2. The initial decision had a finality date of September 23, 2013. ID at 3.

¶5      The appellant filed a petition for review with the Northeastern Regional Office, which forwarded the appellant's petition to the Office of the Clerk of the Board. Petition for Review (PFR) File, Tab 1 at 1, Tab 2. In his petition for

review, the appellant seeks, among other things, to modify the settlement agreement.  PFR File, Tab 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6        A petition for review must be filed within 35 days after the issuance of the initial decision.  *See* 5 C.F.R. § 1201.114(e).  The Board will waive this time limit only upon a showing of good cause for the delay in filing.  5 C.F.R. §§ 1201.12, 1201.114(g).  To establish good cause for the untimely filing of a petition, an appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of his case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).

¶7        The Board treats a submission mistakenly directed to the regional or field office as a petition for review filed on the date it was filed with the regional or field office.  *Woods v. Department of the Treasury*, 87 M.S.P.R. 557, ¶ 4 n.* (2001).  The date of filing by mail is determined by the postmark date.  5 C.F.R. § 1201.4(l).   Here, the appellant's petition for review was postmarked November 5, 2013.  PFR File, Tab 1 at 15.  Accordingly, the appellant's petition for review was filed more than 5 weeks after the initial decision's September 23, 2013 finality date.

¶8        Because the petition for review was filed weeks after the last date to timely file a petition for review, the Clerk of the Board informed the appellant that his petition appeared to be untimely and that an untimely-filed petition for review must be accompanied by a motion for waiver of the filing time limit and by either an affidavit or a statement, signed under penalty of perjury, showing good cause for the untimely filing.  PFR File, Tab 2; *see* 5 C.F.R. § 1201.114(g).  The Clerk attached to the notice a "Motion to Accept Filing as Timely or to Waive Time Limit" form that specifically provided for the inclusion of supporting documentation or other evidence.  PFR File, Tab 2.  The notice informed the appellant that if he failed to establish that his petition for review was timely filed

or that good cause existed for the delay, the Board might issue an order dismissing his petition for review as untimely filed. *Id.*

¶9        In response to the Clerk of the Board's notice, the appellant filed a motion to waive the time limit in which he stated that he needed more time to prepare the documents which he is now submitting to the Board.  PFR File, Tab 5 at 2. Despite the appellant's pro se status, his difficulty in securing documentation to support his appeal does not provide good cause for his filing delay.[2]  *See Robinson v. Office of Personnel Management*, 85 M.S.P.R. 589, ¶ 5 (2000) (finding that the appellant's difficulty in obtaining information from his former employer did not excuse his filing delay); *Criddell v. U.S. Postal Service*, 60 M.S.P.R. 30, 33 (1993) (an appellant's effort to gather information that was believed to support his case does not establish good cause for a waiver of the filing deadline).

¶10       To the extent that the appellant is contending that the documents he submits on review constitute new and material evidence, the appellant's assertion fails to provide a basis for waiving the filing deadline.  The discovery of new evidence may establish good cause for the untimely filing of a petition for review if the evidence was not readily available before the close of the record below and if it is of sufficient weight to warrant an outcome different from that of the initial decision.  *Alexander v. Department of Veterans Affairs*, 90 M.S.P.R. 591, ¶ 8 (2002).  Many of the documents the appellant submits on review were available before of the issuance of the initial decision and thus are not new.  *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence).

[2] While the appellant was represented below, on November 5, 2013, his attorneys submitted a notice advising the Board of their decision to withdraw as the appellant's representatives in this case.  PFR File, Tab 1 at 14.

¶11    The appellant has submitted documents that were not available prior to the issuance of the initial decision, including a November 5, 2013 letter from the appellant's medical care provider and November 1, 2013 and December 2, 2013 notices of proposed removal from the agency. PFR File, Tab 1 at 5-6, Tab 5 at 6-7, 10-13. The appellant has failed to explain how this evidence would warrant a different outcome than that reached by the administrative judge in this appeal. *See McCollum v. Department of the Army*, [92 M.S.P.R. 67](#), ¶ 6 (2002) (dismissing the petition for review as untimely filed without good cause shown where the appellant failed to explain how his alleged new evidence would warrant a different outcome than that reached by the administrative judge).

¶12    To the extent that the appellant is attempting to argue that the untimely filing was the result of a medical condition, he has failed to adequately support this argument. To establish that an untimely filing was the result of a medical condition, the party must identify the time period during which he was incapacitated, support his allegation with corroborating medical evidence, and explain how the medical condition prevented him from timely filing his submission or requesting an extension of time. *See, e.g.*, *Lacy v. Department of the Navy*, [78 M.S.P.R. 434](#), 437 (1998). The medical documentation the appellant submits on review, including the November 5, 2013 letter noted above, is insufficient to establish the untimely filing was the result of a medical condition. PFR File, Tab 1 at 5-12, Tab 5 at 6-9. Although this evidence provides insight into the appellant's current and past medical problems, it does not explain how his medical problems prevented him from timely filing his petition for review or requesting an extension of time to file his petition. *See Coles v. Department of the Army*, [85 M.S.P.R. 571](#), ¶ 6 (2000).

¶13    Moreover, the appellant's arguments on the merits of the underlying action are not relevant to the timeliness issue. *See id.*, ¶ 5; *Walls v. Merit Systems Protection Board*, [29 F.3d 1578](#), 1582 (Fed. Cir. 1994) (the Board should consider the length of the delay in every good cause determination). Finally, we

note that the filing delay of over 5 weeks was not minimal. *See Robinson*, [85 M.S.P.R. 589](), ¶ 6 (finding a filing delay of 30-days to not be minimal). Based on the evidence and argument submitted, we find that the appellant has failed to show that he exercised due diligence and ordinary prudence in filing his petition for review; thus, he has failed to establish good cause for the untimely filing. *See Alonzo*, 4 M.S.P.R. at 184.

¶14     Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the indefinite suspension.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* [5 U.S.C. § 7703](b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, [931 F.2d 1544]() (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 ([5 U.S.C. § 7703]()) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the

United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:              _____
                           William D. Spencer
                           Clerk of the Board

Washington, D.C.